# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TYREE LAWSON,**<br>  **Plaintiff** | )<br>)<br>) |
| vs. | )     **C.A.No. 15-177ERIE**<br>) |
| **JAMIE FERDARKO,**<br>  **Defendant.** | )<br>)     **Magistrate Judge Baxter**<br>) |

## MEMORANDUM OPINION[1]

M.J. Susan Paradise Baxter

### I.     Relevant Procedural History

Presently before this Court is Plaintiff's motion to amend judgment. ECF No. 38. Plaintiff seeks reconsideration of this Court's Memorandum Opinion and Order granting summary judgment in favor of Defendant. ECF No. 36; ECF No. 37.

Plaintiff, an inmate currently incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania, initiated this civil rights action pursuant to 42 U.S.C. § 1983. Named as the sole Defendant is Jamie Ferdarko, a nurse at the prison, who Plaintiff alleges was deliberately indifferent to his serious medical condition, in violation of the Eighth Amendment.

By Opinion and Order dated January 4, 2017, this Court granted summary judgment in favor of Defendant based upon Plaintiff's failure to exhaust his administrative remedies in accordance with the requirements of the Prison Litigation Reform Act.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

1

## II.     Standard of Review

Motions for reconsideration are not explicitly recognized by the Federal Rules of Civil Procedure. United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999). However, a motion for reconsideration may be treated as a motion to alter or amend judgment under Federal Rule 59(e) or as a motion for relief from judgment under Federal Rule 60(b). Id. See also Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1352 (3d Cir. 1990) (recognizing that a motion for reconsideration is usually the "functional equivalent" of a motion to alter or amend judgment under Rule 59(e)).

"'Because federal courts have a strong interest in finality of judgments,'" "[m]otions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure are granted sparingly." Jacobs v. Bayha, 2011 WL 1044638, at *2 (W.D. Pa. Mar. 18, 2011) quoting Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D.Pa.1995). Furthermore, Rule 60(b)(6) provides "extraordinary relief" that is only available in "exceptional circumstances." Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002).

The moving party bears a heavy burden to demonstrate that an order should be reconsidered and the Court will only grant such a motion if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. Lazardis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 678 (3d Cir. 1999).

Here, Plaintiff's motion is based on the third avenue: "the need to correct a clear error of law or fact or to prevent a manifest injustice." Defendant's burden is especially heavy in this

regard. "[A] mere disagreement with the court does not translate into a clear error of law." Mpala v. Smith, 2007 WL 136750, at *2 (M.D. Pa. Jan. 16, 2007).

Plaintiff seeks reconsideration of the decision granting Defendant's motion for summary judgment claiming that the Court erred in its analysis. Plaintiff disagrees with this Court's exhaustion analysis. Such a disagreement does not warrant the granting of the motion to amend judgment under either Rule 59(e) or Rule 60(b). See In re Avandia Marketing, Sales Practices & Products Liability Litig., 2011 WL 4945713, at *1 (E.D. Pa. Oct. 14, 2011) (reconsideration is not permitted to reargue matters the court already resolved or relitigate points of disagreement between the court and the moving party); Kennedy Indus., Inc. v. Aparo, 2006 WL 1892685, at *1 (E.D. Pa. Jul.6, 2006) (a litigant who "fails in its first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or correct mistakes it made in its previous one."); Odgen v. Keystone Residence, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002) ("A motion for reconsideration is not to be sued as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.").

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TYREE LAWSON,** ) | |
| **Plaintiff** ) | |
| ) | **C.A.No. 15-177ERIE** |
| **vs.** ) | |
| ) | |
| **JAMIE FERDARKO,** ) | **Magistrate Judge Baxter** |
| **Defendant.** ) | |

## O R D E R

AND NOW, this 10th day of April, 2017;

IT IS HEREBY ORDERED that Plaintiff's motion to amend judgment [ECF No. 38] is denied.

 

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge